IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 20-218-21 |
| ROBERT E. REED, II, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM ORDER</u>**

On August 25, 2020, Defendant Robert E. Reed, II and 26 others were charged in Count One of the Indictment in this case with conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, for conduct occurring from in and around October 2018 until in and around June 2020. (Docket No. 3). Defendant made an initial appearance on September 2, 2020, at which time he was ordered to be detained pending a detention hearing. (Docket Nos. 74, 75). Defendant was arraigned on September 10, 2020, and he pled not guilty to the charge. (Docket Nos. 134, 136). Following a detention hearing held on that same date, Defendant was released on a $20,000 unsecured appearance bond with conditions. (Docket Nos. 139, 140, 141). Defendant has remained on bond since that time.

Given the large volume of discovery involved in this multi-defendant case, Defendant and his co-defendants sought, and were granted, numerous extensions of time to file pretrial motions.[1] Presently before the Court is Defendant's Motion for Discovery, in which he requests that the Government be ordered to provide him with "the specifics and particulars of the entry into the

---

[1] Despite having filed the Motion for Discovery addressed herein, Defendant's current pretrial motion filing deadline is January 5, 2024. (*See* Docket No. 1529). Several of his co-defendants have pretrial motion filing deadlines on February 6, 2024, (*see* Docket Nos. 1532, 1548, 1549, 1550, 1551, 1561, 1563), while other co-defendants have pled guilty and have been sentenced or are awaiting sentencing.

1

structure [at 904 Penn Avenue, Wilkinsburg, Pennsylvania], such as what devices were used to make entry and whether the devices used were explosives and/or other means to breach the door." (Docket No. 1528, ¶ 14). Defendant further requests a hearing on the matter. (*Id.* at 3).

In opposing Defendant's Motion, the Government submits that it has produced voluminous discovery to Defendant, including the federal search warrant for 904 Penn Avenue, which supposedly was a structure associated with and utilized by Defendant, as well as reports prepared by investigating agents concerning the execution of the search warrant at that location. (Docket No. 1554, ¶¶ 2, 4). As the Government notes, the discovery materials it produced does not detail the manner and means that law enforcement agents used to breach the exterior door to 904 Penn Avenue. (*Id.* ¶ 2). However, the Government contends that Defendant has not demonstrated a right to the discovery of this information, thus his Motion should be denied without a hearing. (*Id.* ¶ 1). The Court agrees, and Defendant's Motion will be denied without prejudice for the following reasons.

The Third Circuit Court of Appeals has instructed that discovery in criminal cases is limited to those areas delineated in Federal Rule of Criminal Procedure 16 "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act, 18 U.S.C. § 3500,[2] and materials available pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).[3] *See United States v. Coles*, 511 F. Supp. 3d 566, 574

---

[2]    The Jencks Act provides that after a government witness testifies on direct examination, and upon motion by the defendant, the Government must produce "any statement . . . of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b).

[3]    Under *Brady*, the Government has an obligation to disclose to a criminal defendant any evidence in its possession that is "favorable to an accused" and "material either to guilt or to punishment." *See Brady*, 373 U.S. at 87 (holding that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). "Evidence is material 'only if there is a reasonable probability that, had the evidence been disclosed

(M.D. Pa. 2021) (observing that the Government's disclosure obligations arise from Rule 16, the Jencks Act, and *Brady* and its progeny) (citing *United States v. Maury*, 695 F.3d 227, 247 (3d Cir. 2012)).

The Court first observes that Rule 16 requires the Government to produce the following categories of information upon a defendant's request: a defendant's oral statement; his written or recorded statement; his prior record; certain documents and objects if the item is within the Government's possession, custody or control and the item is material to preparing the defense, the Government intends to use the item in its case-in-chief at trial, or the item was obtained from or belongs to the defendant; reports of examinations and tests; and a written summary of any testimony that the Government intends to use under Federal Rules of Evidence 702, 703 or 705 during its case-in-chief at trial.  *See* Fed. R. Crim. P. 16(a)(1).  Here, Defendant's request for information about the manner and means law enforcement used to breach the door to 904 Penn Avenue is not subject to disclosure under any category specified in Rule 16, and Defendant does not argue to the contrary.

Further, Defendant does not contend that his request for information about the manner and means law enforcement used to breach the door to 904 Penn Avenue is discoverable pursuant to any statute or the due process clause of the Constitution.  Notably, Defendant cites no authority whatsoever in his Motion to demonstrate that he is entitled to discovery of the requested information.  Accordingly, Defendant's Motion must be denied without prejudice.  To the extent Defendant can demonstrate that the information he seeks is discoverable pursuant to Rule 16, a statutory pronouncement, or the Constitution, he may renew his Motion at a later date.

---

to the defense, the result of the proceeding would have been different.' "  *United States v. Friedman*, 658 F.3d 342, 357-58 (3d Cir. 2011) (quoting *United States v. Bagley*, 473 U.S. 667, 682 (1985)).

Based on the foregoing, the Court enters the following Order:

AND NOW, this 3rd day of January, 2024, IT IS HEREBY ORDERED that Defendant's Motion for Discovery, (Docket No. 1528), is DENIED WITHOUT PREJUDICE.

<u>s/ W. Scott Hardy</u>
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record